EFFIE BROWN, Respondent, v. JOHN CROSSMAN et al., Appellants.

*Brown* v. *Crossman*, 170 App. Div. 925, affirmed.

(Argued March 7, 1918; decided March 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 22, 1915, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, certain questions having been submitted to a jury in an action for partition. Plaintiff alleged a recorded title in herself and the defendants Allie K. Feek and Jennie Dimick, and set forth that the defendant John Crossman was in possession of the premises under a lease made between him and the plaintiff's grantors, dated in 1892 under which he paid rent up to March 1, 1907, and he has never surrendered possession of the premises which he obtained under said lease, and refused to pay rent under said lease; that the plaintiff and the defendants Allie K. Feek and Jennie Dimick are each seized in fee simple and entitled to an undivided one-third part of said real estate; that no personal claim is made against any of the defendants. The demand is made that the interest of the several parties be ascertained; that a partition be had according to the rights of the respective parties and the demand that the premises be sold and the proceeds divided according to the rights of the respective parties. An answer was served by the defendants John Crossman, Sarah Hutchins and Edward Crossman which denied the allegations in the complaint, and alleged that at the time of the commencement of the action the premises were owned by the defendants Sarah Hutchins and Edward Crossman, who are heirs of Seth Y.

Crossman, deceased, Seth Y. Crossman being the father. Jonathan Crossman, another son of said Seth Y. Crossman, is the other defendant, and alleged that he conveyed his interest in the premises to his sister, Sarah Hutchins; that the only interest the plaintiff and the defendants Allie K. Feek and Jennie Dimick have in the premises is that of mortgagee and as security for indebtedness. The answer then set up and alleged circumstances upon which they base their allegation that the interest of the plaintiff and her two sisters is that of mortgagee. (See 206 N. Y. 471.)

*Le Roy M. Kellas* and *John P. Kellas* for appellants.
*Frederick G. Paddock* and *A. W. Sheals* for respondent.

Judgment affirmed, with costs. The errors in the admission of evidence are disregarded as not affecting the substantial rights of the appellants (Code Civ. Pro. § 1317); no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, MCLAUGHLIN and CRANE, JJ.